UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MOHAMED ALAADIN MORSY,

    Plaintiff,

- against -

PAL-TECH, INC., and
PATSY P. PORTER,

    Defendants.

**OPINION AND ORDER**

07 Civ. 2143 (PKL)

**APPEARANCES**

LAW OFFICES OF LEE NUWESRA
Lee Nuwesra, Esq.
60 East 42nd Street, Suite 838
New York, New York 10017

Attorney for Plaintiff


ARENT FOX LLP
Michael S. Cryan, Esq.
1675 Broadway
New York, New York 10019

Attorney for Defendants

**LEISURE, District Judge:**

Plaintiff Dr. Mohamed Alaadin Morsy ("Morsy") brings this case against defendants Pal-Tech, Inc. ("Pal-Tech") and Patsy P. Porter ("Porter") asserting claims for defamation and tortious interference with contract. Pal-Tech and Porter now move to dismiss Morsy's claims for lack of subject matter and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). For the reasons below, defendants' motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff's defamation claim and tortious interference with contract claim arise from Pal-Tech sending two letters to the United Nations. (Pl.'s Opp. at 1.) Plaintiff was employed by Pal-Tech from May 1, 2002 until May 31, 2003. (Complaint ¶¶ 15, 20.) From 2005 until he was fired in January 2007, plaintiff was employed by the United Nations Population Fund ("UNPFA"). (Complaint ¶ 22.) After plaintiff began working for UNPFA, Porter, the director of Human Resources at Pal-Tech, (Complaint ¶ 6), sent two letters to the Secretary General of the United Nations regarding plaintiff. (Nuwesra Decl. Exh. 2.) Plaintiff asserts that the first letter, dated January 4, 2006, "falsely accused Plaintiff of departing from administrative rules of USAID by importing and subsequently disposing of a vehicle without paying the necessary importation duty" when plaintiff

1

moved to Egypt as an employee of Pal-Tech. (Pl.'s Opp. at 2.) Plaintiff also asserts that the second letter, dated September 1, 2006, "indicated that Defendants have been disseminating the false information to various officials of the United Nations." (Pl.'s Opp at 2.) The second letter further stated that if the United Nations does not proactively deal with plaintiff's misconduct, then defendants would draw negative attention to the United Nations. (Nuwesra Decl. Exh. 2.)

Additionally, on January 24, 2007, Inner City Press, a non-profit internet publication, published an article that accused plaintiff of a tax evasion scheme. (Pl.'s Opp. at 3.) Plaintiff asserts that the information underlying the report was provided to Inner City Press by defendants. (Pl.'s Opp. at 3.) On January 25, 2007, plaintiff's supervisor forwarded a copy of the article to plaintiff, and gave plaintiff the choice of resigning or being terminated from UNPFA. (Pl.'s Opp. at 4.) Plaintiff declined to resign. (Pl.'s Opp. at 4.) Thereafter, the UNPFA terminated plaintiff in January 2007. (Complaint ¶ 22; Pl.'s Opp. at 4.)

Plaintiff filed this action on March 13, 2007, seeking damages in excess of $75,000, including compensatory damages, punitive damages, and attorneys' fees. (Complaint ¶ 2.) On May 1, 2007, defendants filed the instant motion. Plaintiff filed

2

opposition papers on June 4, 2007, and defendants replied on June 15, 2007.

**DISCUSSION**

I. <u>Subject Matter Jurisdiction</u>

A. <u>Standard for Dismissal Under Rule 12(b)(1)</u>

Defendants move to dismiss the complaint on the ground that this Court does not have subject matter jurisdiction. (Defs.' Memo. of Law at 11-12.) Federal courts may only consider certain types of cases because they are courts of limited jurisdiction. See <u>Perpetual Secs., Inc. v. Tang</u>, 290 F.3d 132, 136 (2d Cir. 2002). District courts have jurisdiction over cases in which there is a federal question as well as cases based upon diversity of citizenship. See 28 U.S.C. § 1331 (authorizing jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332 (authorizing jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [*inter alia*,] citizens of different States"); <u>Perpetual Secs.</u>, 290 F.3d at 136. Thus, it is axiomatic that, "'[i]f subject matter jurisdiction is lacking, the action must be dismissed.'" <u>Oscar Gruss & Son, Inc. v. Hollander</u>, 337 F.3d 186, 193 (2d Cir. 2003) (quoting <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000)). Indeed, parties cannot create subject

3

matter jurisdiction where the Constitution or Congress has not so provided. See Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Moreover, the absence of subject matter jurisdiction "is not waivable and may be raised at any time by a party or by the court *sua sponte*." See Oscar Gruss, 337 F.3d at 193 (citing Lyndonville Sav. Bank, 211 F.3d at 700).

A plaintiff asserting that subject matter jurisdiction exists has the burden of establishing its existence by a preponderance of the evidence. See APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept the material factual allegations contained in the complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). The court may consider evidence beyond the pleadings to resolve disputed issues of fact pertaining to its jurisdiction. See Flores v. S. Peru Copper Corp., 343 F.3d 140, 161 n.30 (2d Cir. 2003); Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998). However, in this determination, the court should not draw any inferences favorable to plaintiff. See Atl. Mut. Ins., 968 F.2d at 198 (citing Norton v. Larney, 266 U.S. 511, 515

(1925)). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

B. Defendants' Motion

Plaintiff asserts that this Court has subject matter jurisdiction over defendants because the case is one between citizens of different states and the amount in controversy exceeds $75,000, including compensatory damages, punitive damages, and attorneys' fees. (Complaint ¶ 2.) Defendants do not dispute that the parties are diverse; both defendants are citizens of Virginia, while plaintiff resides in New York. (Defs.' Memo. of Law at 1.) However, defendants argue that because plaintiff included attorneys' fees in the calculation of the amount in controversy, the amount in controversy requirement of § 1332 is not fulfilled. (Defs.' Memo. of Law at 12.)

The rule governing dismissal for lack of subject matter jurisdiction due to insufficient amount in controversy is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). There is a rebuttable presumption that the plaintiff's claimed amount in controversy is made in good faith. Scherer v. Equitable Life

5

Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003); Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999); Ventura Assocs. v. Int'l Outsourcing Sers., Inc., No. 04 Civ. 5962, 2005 WL 1634002, at *6 (S.D.N.Y. July 12, 2005) (Leisure, J.) ("A defendant seeking to dismiss an action based on an insufficient amount in controversy faces a high hurdle."). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury, 303 U.S. at 289; see also Ventura Assocs., 2005 WL 1634002, at *6.

In his opposition papers, plaintiff recognizes that this Court can only have jurisdiction over cases with amounts in controversy exceeding $75,000, exclusive of costs and interest. (Pl.'s Opp. at 16.) Therefore, the Court assumes that plaintiff claims more than $75,000, without considering attorneys' fees. Additionally, plaintiff asserts that as a result of the letters sent by defendants, plaintiff was fired from his position as a director at the UNPFA, which was a position he intended to keep until his retirement. (Pl.'s Opp. at 4.) There is no legal certainty that plaintiff was acting in bad faith when he claimed that the amount in controversy exceeded $75,000. Therefore, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

II. Personal Jurisdiction

    A. Standard of Dismissal Under Rule 12(b)(2)

Defendants also seek dismissal of this action based on lack of personal jurisdiction. (Defs.' Memo. of Law at 3.) When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, it is well-established that the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam); Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). The plaintiff's burden, however, is determined by the procedural posture of the case. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." Metro. Life Ins., 84 F.3d at 566 (citing Ball, 902 F.2d at 197). Ultimately, personal jurisdiction must be proven by a preponderance of the evidence, either at an evidentiary hearing or at trial. A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993). "But where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." Id. (citing Hoffritz for Cutlery, Inc. v.

7

Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)); see also Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).

A district court sitting in diversity applies the forum state's law to determine whether it has personal jurisdiction over a defendant. Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006); A.I. Trade Fin., 898 F.2d at 80; Geller Media Mgmt., Inc. v. Beaudreault, 910 F. Supp. 135, 137 (S.D.N.Y. 1996) (Leisure, J.) (citing Fed. R. Civ. P. 4(k)(1)(A)). If the forum state's law allows the exercise of personal jurisdiction, then the Court must determine whether doing so comports with due process guarantees of the United States Constitution. See Metro. Life Ins., 84 F.3d at 567 (quoting Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)). Thus, to determine whether the Court has personal jurisdiction over Pal-Tech and Porter, the Court must engage in a two-part inquiry. First, the Court must determine whether there is personal jurisdiction over defendants under New York law.

### B. Personal Jurisdiction Under New York Law

There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). New York law provides for both general and specific personal jurisdiction. See N.Y. C.P.L.R. §§ 301-302 (McKinney

2001). In the case of general jurisdiction, the plaintiff's claim need not arise out of the defendant's contacts with the forum state, but the defendant's contacts must be substantial. Id. § 301. For specific jurisdiction, the defendant's contacts need not be as substantial, but the plaintiff's claim must arise out of those contacts. Id. § 302. In this case, plaintiff does not assert that the Court may exercise general personal jurisdiction over defendants. Rather, plaintiff asserts that the Court may exercise specific personal jurisdiction pursuant to §§ 302(a)(1), (2), and (3). (Pl.'s Opp. at 5, 10-11.)

C. Specific Jurisdiction Under § 302(a)(1)

Under § 302(a)(1), a court can exercise specific jurisdiction over a non-domiciliary who, in person or through an agent, "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Additionally, the cause of action must arise out of the subject matter of the transacted business. See CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Plaintiff claims that this Court has jurisdiction over defendants because defendants' sending of letters into New York constituted the transaction of business under § 302(a)(1), and the defamation claim arises out of this transaction. (Pl.'s Opp. at 8.) Defendants, however, argue that the sending of two

9

letters to a business in New York does not qualify as transacting business. (Defs.' Memo. of Law at 4-5.)

A non-domiciliary transacts business under § 302(a)(1) when he "'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'" CutCo Indus., 806 F.2d at 365 (quoting McKee Elec. Co. v. Rauland-Borg Corp., 283 N.Y.S.2d 34, 20 N.Y.2d 377, 382 (1967)); see also Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 30 (2d Cir. 1996) (citing PaineWebber, Inc. v. Westgate Group, Inc., 748 F. Supp. 115, 119-20 (S.D.N.Y. 1990)). Courts look to the totality of the circumstances to determine whether the defendant has engaged in such purposeful activity and require a "substantial nexus" between the business transacted and the cause of action sued upon. Agency Rent A Car, 98 F.3d at 31; Hoffritz, 763 F.2d at 60; see also PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1109 (2d Cir. 1997).

Although there is no express defamation exception to § 302(a)(1), as there is under §§ 302(a)(2) and (3),[1] "New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation." Best Van Lines, Inc. v. Walker, 490

---

[1] As discussed below, §§ 302(a)(2) and (3) grant courts jurisdiction over non-resident defendants who commit tortious acts within and without New York, with the exception of defamatory acts. N.Y. C.P.L.R. §§ 302(a)(2), (3).

10

F.3d 239, 248 (2d Cir. 2007) (quoting N.Y. C.P.L.R. § 302(a)(1)); Weil v. American Univ., No. 07 Civ. 7748, 2008 WL 126604, at *6 (S.D.N.Y. Jan. 2, 2008) (discussing Best Van Lines, 490 F.3d at 248). Courts attempt to read the statute as a whole, assuring that the defamation exceptions of §§ 302(a)(2) and (3) are not swallowed. Best Van Lines, 490 F.3d at 248 n.11 (quoting King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991)). Courts in New York generally do not consider sending letters into the state, without more, sufficient to qualify as transacting business under § 302(a)(1). Id.; see also Kim v. Dvorak, 658 N.Y.S.2d 502, 504, 230 A.D.2d 286, 289 (3d Dep't 1997) (holding that sending four allegedly defamatory letters into the state does not qualify as transacting business in the state under § 302(a)(1)); Pontarelli v. Shapero, 647 N.Y.S.2d 185, 188, 231 A.D.2d 407, 410 (1st Dep't 1996) (holding that sending two allegedly defamatory letters and a facsimile into the state does not qualify as transacting business in the state under § 302(a)(1)). New York courts have found sending letters into the state to be sufficient to establish jurisdiction under § 302(a)(1) when such letters were accompanied by other circumstances that solidified the party's business connection with New York. See Best Van Lines, 490 F.3d at 249 (citing Sovik v. Healing Network, 665 N.Y.S.2d 997, 244 A.D.2d 985 (4th Dep't 1997)).

This Court does not have jurisdiction over defendants under § 302(a)(1) because defendants' sending of two allegedly defamatory letters into New York, which was defendants' only contact with the state, does not constitute transacting business in the state. See id. at 248. Defendants have not purposefully availed themselves of the benefits of New York law. See Agency Rent A Car Sys., 98 F.3d at 30; CutCo Indus., 806 F.2d at 365. Similarly, they have not contracted to provide goods or services in New York. (Defs.' Memo. of Law at 5.) Plaintiff has failed to establish that defendants have any other contacts with New York to show that defendants were transacting business in the state. (Defs.' Memo. of Law at 5.) See, e.g., Kwon v. Yun, No. 05 Civ. 1142, 2006 WL 416375, at *5 (S.D.N.Y. Feb. 21, 2006) (holding that the Court lacks jurisdiction over defendant under § 302(a) where defendant "has no New York office, telephone number, property, or bank accounts, and is not licensed to do business here"); see also Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 430 (2d Cir. 2005) (holding that the defendant does not transact business in the state after considering, among other factors, whether the defendant has an office, telephone, bank account, or mailing address in the state). Thus, plaintiff has failed to demonstrate that this Court has personal jurisdiction over defendants under § 302(a)(1).

12

D. Specific Jurisdiction Under §§ 302(a)(2) and (3)

Plaintiff also argues that this Court has personal jurisdiction over defendants under §§ 302(a)(2) and (3). (Pl.'s Opp. at 10-11.) Both sections, however, explicitly exempt defamation actions from the scope of long-arm jurisdiction. N.Y. C.P.L.R. §§ 302(a)(2), (3). Section 302(a)(2) grants personal jurisdiction to courts over any defendant that "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act. . . ." Id. § 302(a)(2). Section 302(a)(3) grants personal jurisdiction over any defendant that "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act. . . ." Id. § 302(a)(3). Defendants argue that because plaintiff's claims are for defamation, these sections of the statute do not apply. (Defs.' Memo. of Law at 7-8.)

Both the defamation claim and the tortious interference with contract claim fall under the defamation exceptions of §§ 302(a)(2) and (3). See N.Y. C.P.L.R. §§ 302(a)(2), (3); see also Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996) (holding that claims that sound in defamation fall under the defamation exceptions of §§ 302(a)(2) and (3)). The plain language of the New York long-arm statute explicitly

13

states that a court cannot exercise jurisdiction over a party under §§ 302(a)(2) and (3) when a complaint states a cause of action for defamation. Van Essche v. Leroy, 692 F. Supp. 320, 322-23 (S.D.N.Y. 1988) (Leisure, J.). Additionally, courts make clear that claims sounding in defamation of character, even if not explicitly stating a cause of action for defamation, fall under the statute's defamation exception. Cantor Fitzgerald, 88 F.3d at 157 ("Plaintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation."); Van Essche, 692 F. Supp. at 322-23. Courts must look to the substance, not merely the name, of a claim in order to determine whether that claim sounds in defamation. See Van Essche, 692 F. Supp. at 323 (quoting Findlay v. Duthuit, 446 N.Y.S.2d 951, 953, 86 A.D.2d 789, 790 (1st Dep't 1982)). Because plaintiff's tortious interference with contract claim is based on defendants' allegedly defamatory letters, the tortious interference with contract claim sounds in defamation and §§ 302(a)(2) and (3) do not apply. Therefore, defendants' motion to dismiss for lack of personal jurisdiction is granted.[2]

---

[2] Because this Court lacks personal jurisdiction under New York law, it need not consider whether exercising jurisdiction would comport with due process guarantees under the United States Constitution. See Bohn v. Bartels, No. 06 Civ. 1390, 2007 WL 4334667, at *2 (S.D.N.Y. Dec. 12, 2007) (Leisure, J.).

14

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss pursuant to Rule 12(b)(1) is hereby DENIED and defendants' motion to dismiss pursuant to Rule 12(b)(2) is hereby GRANTED. Plaintiff's complaint against defendants is hereby DISMISSED.

**SO ORDERED.**

**New York, New York**

August 7, 2008

_____
U.S.D.J.